# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| **RICHARD CORA**<br>Plaintiff<br><br>vs.<br><br>**COMMONWEALTH OF PUERTO RICO; PUERTO RICO VETERAN'S PROCUREMENT OFFICE; ATTORNEY AGUSTÍN MONTAÑEZ ALLMAN; ATTORNEY NELSON H. MELÉNDEZ LÓPEZ; ATTORNEY ANTONIO ÁLVAREZ TORRES**<br>Defendants | **CIVIL NO.:** |

TO THE HONORABLE COURT:

COMES NOW plaintiff, Veteran Richard Cora, through undersigned counsel and most respectfully states and prays as follows:

## I. STATEMENT OF JURISDICTION

1. Pursuant to 42 U.S.C. § 1983: Civil action for depravation of rights jurisdiction is invoked as Defendants Puerto Rico Veterans' Procurement Office (OPV), through Attorney Agustín Montañez Allman who is, and was at the time of the facts that give rise to the present lawsuit, the Veteran Procurator for the Puerto Rico Veterans' Procurement Office, under color of Puerto Rico Law number 79 of July 24th, 2013, as amended, and with the help of codefendant's attorney Nelson H. Meléndez López and attorney Antonio Álvarez Torres, deprived the plaintiff ,Veteran Richard Cora, of his right to be given a due process in the formal complaint with number QI-7-19-12-12-784, pursued in Puerto Rico Veterans' Procurement Office; as the OPV, during the process, were concerned only with their own interest and ignored plaintiff's right to compensation for the damages suffered in consequence to the violations by Amgen Manufacturing Limited (AML) to Puerto Rico's

1

"New Bill of Rights of the Puerto Rican Veteran of the XXI Century", PR Law 203 of 2007, as amended, and abandoned Mr. Cora's representation in the proceedings before Puerto Rico's Appellate Court and Supreme Court.

2. 42 U.S. Code § 1983 - Civil action for deprivation of rights:

   > Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

3. This is the proper venue to bring this Complaint as the actions and omissions that give rise to this claim occurred in this judicial district.

4. On June 29, 2023, the OPV notified its Resolution in complaint number QI-7-19-12-12-784, concluding that Capt. Cora's complaint had been proven and AML had violated Puerto Rico's "New Bill of Rights of the Puerto Rican Veteran of the XXI Century", PR Law 203 of 2007, as amended, and issued various administrative fines in the total amount of $34,500.00 to be paid by AML directly to the OPV, no monetary damages were given to Mr. Cora nor was he given the opportunity to present evidence to prove the damages suffered in consequence to the violations by AML to Puerto Rico's "New Bill of Rights of the Puerto Rican Veteran of the XXI Century", PR Law 203 of 2007, as amended. The Resolution was signed by Attorney Agustín Montañez Allman as the Veteran Procurator for the Puerto Rico Veterans' Procurement Office.

5. Due to various notification issues, OPV's Resolution was finally notified to all parties on August 16, 2024.

2

6. Both parties AML and Captain Richard Cora, pro se, filed reconsideration motions with the OPV which were denied on September 13, 2024.

7. On October 13, 2024, AML brought before Puerto Rico's Appellate Court a Judicial Revision Action that was assigned case number KLRA2024-00564; on October 15, 2024, Captain Richard Cora brought, pro se, before Puerto Rico's Appellate Court a Judicial Revision Action that was assigned case number KLRA2024-00585. Both cases were consolidated by Puerto Rico's Appellate Court.

8. On December 20, 2024, Puerto Rico's Appellate Court issued its Judgement on cases KLRA2024-00564 and KLRA2024-00585.

9. Mr. Cora, pro se, filed a reconsideration motion on the 9th of January, 2025. That motion was denied by Puerto Rico's Appellate Court through a Resolution issued on the 16th of January, 2025 and notified on January 21, 2025.

10. On February 18, 2025, Mr. Cora, pro se, filed, before Puerto Rico Supreme Court, a Certiorari Petition which was assigned case number CC-2025-0096, for the Supreme Court to review the Appellate's Court decision.

11. The Certiorari was denied by Puerto Rico Supreme Court on the 14th of March, 2025.

12. Mr. Cora then presented his first reconsideration motion before Puerto Rico Supreme Court, on the 28th of March, 2025 and it was denied on April 25, 2025.

13. Mr. Cora then presented his second reconsideration motion before Puerto Rico Supreme Court, as permitted by Rule 45 (c) of the Rules of Puerto Rico's Supreme Court, on the 5th of May, 2025 and it was denied on May 23, 2025.

14. This action is brought within the term of a year from the determination from Puerto Rico's Supreme Court in case CC-2025-0096 of not attending Mr. Cora's Certiorari coming from Puerto Rico's Appelate Court case numbers KLRA2024-00564 and KLRA2024-00585

3

which had the effect of having the OPV Resolution in complaint number QI-7-19-12-784 become final.

15. All conditions precedent to jurisdiction have been complied with.

## II.  NATURE OF ACTION

16. This civil action is brought by Veteran Richard Cora, under 42 U.S.C. § 1983, to seek redress of the damages suffered by him as a consequence of co deffendants actions and omissions that were the direct cause of depriving Mr. Cora of his constitutionally protected right to a due process and to seek injunctive relief in the form of an order directed at the OPV, for them to schedule an administrative evidentiary hearing to hear the evidence about the damages suffered by Plaintiff in consequence of the discrimination against Plaintiff by Amgen Manufacturing Limited in violation of Puerto Rico's "New Bill of Rights of the Puerto Rican Veteran of the XXI Century", PR Law 203 of 2007, as amended.

## III.  PARTIES

17. **Plaintiff Richard Cora**, retired U.S. Air Force Captain, is a service-connected disabled combat veteran who proudly served in combat during Desert Shield, Desert Storm and in the war conflict of El Salvador, as one of the youngest expert military advisors during the conflict.

18. Captain Cora graduated from the Air Force Institute of Technology & Arts with a degree equivalent to Mechanical/Aeronautical Engineer; from Troy State University, Florida Campus with a Master's Degree in International Business and Diplomacy; from Wilmington College, Delaware with a Master's Degree in Business Administration & Management; from Turabo University in Caguas, Puerto Rico, with a Master's Degree in Accounting and Finance; and, has a Bachelor's Degree in Natural Sciences and Pre-Medicine from the University of Puerto Rico.

19. Throughout his service with the U.S. Air Force, Captain Cora acquired experience in the areas of engineering, capital projects management, contracting, logistics and operational training, quality system and compliance, resources management, processes development and quality assurance. Captain Cora also worked for the U.S. Department of State as an Engineering and Technical Advisor directing logistics management, capital projects, regulatory enforcement actions, contracting, consulting, finance and funds allocation, quality system and compliance, technical training, process implementation/documentation and logistic programs. Additionally, Captain Cora managed the largest foreign military construction and process implementation program in Central America, including systems and technology transfer, quality systems and equipment reliability program. He implemented inventory controls, quality assurance programs, failure analysis centers and supervised technical training programs in the region.

20. In addition to his impressive academic qualifications and military experience, Captain Cora has over 25 years of work experience in multinational companies, pharmaceuticals and the manufacturing private industry.

21. **Codefendant The Commonwealth of Puerto Rico** is a U.S. Territory who has renounced to its Sovereign Immunity, and has authorized the presentation of claims against it, through Puerto Rico Law number 104 of June 29th, 1955, as amended. The physical Address of Puerto Rico's Department of State, entity through which the Commonwealth of Puerto Rico ca be served, is Calle San José Esq. San Francisco, Viejo San Juan, PR. 00901and it's Postal Address is PO Box 9023271, San Juan, PR 00902-3271

22. **Codefendant Puerto Rico Veterans' Procurement Office** is an Agency of the Commonwealth of Puerto Rico, created by Puerto Rico Law number 57 of June 27th, 1987, later substituted by Puerto Rico Law number 79 of July 24th, 2013, as amended, with the

purpose of responding to, and investigating, the claims of Puerto Rican Veterans and watching over their rights in various areas, including employment. It's mailing address is Apartado 11737, San Juan, PR 00910-1737.

23. **Codefendant Attorney Agustín Montañez Allman** is, and was at the time of the facts that give rise to the present lawsuit, the Veteran Procurator for the Puerto Rico Veterans' Procurement Office; his mailing address is Apartado 11737, San Juan, PR 00910-1737.

24. **Codefendant Attorney Nelson H. Meléndez López** is an attorney authorized to practice law in the jurisdiction of Puerto Rico, with an Attorney Registry Number of 11435; his mailing address is Calle Jose Marti #65, San Juan, PR 00917.

25. **Codefendant Attorney Antonio Álvarez Torres** is an attorney authorized to practice law in the jurisdiction of Puerto Rico, with an Attorney Registry Number of 11335; his mailing address is Urb. Mansiones de Ciudad Jardin Calle Logrono 515, Caguas, PR 00727.

## IV.   FACTS

26. On August 10, 2017, Capt. Cora filed an informal complaint with the Puerto Rico Veterans' Procurement Office (OPV), pursuant to PR Law 203 of December 14, 2007, as amended, claiming that throughout various years he had applied to hundreds of vacant positions in Amgen Manufacturing Limited (AML) but he was never considered and/or never selected for any of the positions, and that said actions constituted discrimination against him due to his military status as combat veteran.

27. The next day, the OPV commenced an investigation.

28. On September 20, 2017, Hurricane Maria destroyed Puerto Rico and all regular operations were halted for weeks.

29. On November 14, 2017, the OPV notified AML of Captain Cora's informal complaint and requested the production of information to be considered as part of the investigation.

30. On December 2, 2019, Capt. Cora filed a formal complaint against AML in the OPV, complaint number QI-7-19-12-12-784. In the formal complaint it was included a request for damages suffered by Captain Cora due to the discriminatory practices applied by AML against him in the recruitment process for various positions including the position for <u>Manager, Supply Chain-Warehouse Dispensing</u>. The complaint was notified to AML on December 12, 2019.

31. In accordance with article 10 of Puerto Rico Law number 79 of July 24th, 2013, as amended, and article 12 of the Puerto Rico Veterans' Procurement Office Complaints Regulation, Regulation 9598; Puerto Rico Veterans' Procurement Office appointed, in first instance, attorney Maria M. Perez Hernandez as Captain Cora's attorney in the process; she was later joined by attorney María Teresa Quintana Roman in Captain Cora's representation.

32. On January 10, 2021, Attorney María Teresa Quintana Roman, sent a letter to Captain Cora in which she asked him to quantify the damages suffered by him and his immediate family nucleus and sent her evidence of those damages; she elaborated that the information and/or evidence was important to be used in the administrative hearing that they were requesting. Captain Cora sent the required information and documentation and reiterated that he could even produce his medical expenses if requested by the administrative judge.

33. On February 1, 2021, María Teresa Quintana Roman, acting as External Advisor to the OPV, presented her <u>Investigation Conclusion Report</u>, in which she requested an administrative hearing and concluded that the violations of AML to the "New Bill of Rights of the Puerto Rican Veteran of the XXI Century", PR Law 203 of 2007, as amended, had caused Captain Cora serious emotional damages and other damages.

34. On February 3, 2021, Evelyn Herero, Auxiliary Procurator of Veterans, sent her report to Attorney Agustín Montañez Allman, the Veteran Procurator for the Puerto Rico Veterans'

Procurement Office. In it she concluded that the findings from the investigation had established probable cause for the violations by AML and recommended that OPV should proceed to adjudicatory phase of the complaint.

35. On February 10, 2021, the OPV notified AML that the adjudicative phase of the process had begun.

36. During the adjudicative phase of the process, on or around the month of September, 2021, attorneys María Teresa Quintana Roman and Maria M. Perez Hernandez renounced as legal representatives of Captain Cora, stating incompatibility of criteria in the case of attorney María Teresa Quintana Roman and health issues in the case of attorney Maria M. Perez Hernandez.

37. On September 21, 2021, attorney Raul E. Bandas was appointed by OPV as the legal representative of Captain Cora and he remained as his legal representative until January 10, 2022.

38. Thereafter, attorney Joseph Deliz Hernandez was appointed by OPV as the legal representative of Captain Cora and he remained as the legal representative of Captain Cora until May 2, 2022, when he presented his resignation as Captain Cora's legal representative due to his retirement from the legal profession.

39. On June 13, 2022, attorneys Nelson H. Melendez Lopez and Antonio Álvarez Torres were appointed by the OPV as the legal representatives of Captain Cora in the process.

40. The OPV scheduled the evidenciary hearing on Complaint number QI-7-19-12-12-784 for September 1, 2022.

41. Attorneys Nelson H. Melendez Lopez and Antonio Álvarez Torres told Mr. Cora that the hearing to be held on September 1, 2022 will only be for the purpose of determining if AML had violated Puerto Rico's "New Bill of Rights of the Puerto Rican Veteran of the

8

XXI Century", PR Law 203 of 2007, as amended; and told Mr. Cora that there will be a separate hearing to present the evidence about the damages suffered by him in consequence of the discrimination against Plaintiff by AML in violation of Puerto Rico's "New Bill of Rights of the Puerto Rican Veteran of the XXI Century", PR Law 203 of 2007, as amended.

42. The evidentiary hearing before the OPV was held on September 1, 2022. In the hearing attorneys Nelson H. Melendez Lopez and Antonio Álvarez Torres only presented evidence about AML violations to Puerto Rico's "New Bill of Rights of the Puerto Rican Veteran of the XXI Century", PR Law 203 of 2007, as amended, and about AML specific violations against Captain Richard Cora in his recruitment process for the position of <u>Manager, Supply Chain-Warehouse Dispensing</u>, however they did not presented any evidence related to the damages suffered by Captain Richard Cora due to AML specific violations against him during the recruitment process for the position of <u>Manager, Supply Chain-Warehouse Dispensing</u>.

43. Plaintiff thought nothing wrong of the lack of presentation of evidence related to the damages suffered by himself during the hearing held on September 1, 2022 because he had been told by attorneys Nelson H. Melendez Lopez and Antonio Álvarez Torres, who he believed to be his legal representatives in the case, that there will be a second hearing to present the evidence about the damages suffered by him in consequence of the discrimination against Plaintiff by AML in violation of Puerto Rico's "New Bill of Rights of the Puerto Rican Veteran of the XXI Century", PR Law 203 of 2007, as amended.

44. On June 29, 2023, the OPV notified its Resolution concluding that Capt. Cora's complaint had been proven and AML had violated Puerto Rico's "New Bill of Rights of the Puerto Rican Veteran of the XXI Century", PR Law 203 of 2007, as amended. and issued various administrative fines in the total amount of $34,500.00 to be paid by AML directly to the

OPV, no monetary damages were given to Mr. Cora nor was he given the opportunity to present evidence to prove the damages suffered in consequence to the violations by AML to Puerto Rico's "New Bill of Rights of the Puerto Rican Veteran of the XXI Century", PR Law 203 of 2007, as amended. The Resolution was signed by Attorney Agustín Montañez Allman as the Veteran Procurator for the Puerto Rico Veterans' Procurement Office.

45. The OPV's resolution notified on June 29, 2023, was notified to attorneys Nelson H. Melendez Lopez and Antonio Álvarez Torres as legal representatives of Captain Richard Cora and their names and information were included in the notification's list.

46. On August 31, 2023 AML filed, before the Puerto Rico's Appellate Court, a Judicial Revision Action that was assigned case number KLRA2023-0463. The action was notified by AML to the OPV and to attorneys Nelson H. Melendez Lopez and Antonio Álvarez Torres in representation of Captain Richard Cora.

47. On September 18, 2023, attorneys Nelson H. Melendez Lopez and Antonio Álvarez Torres presented a motion of special appearance, in case number KLRA2023-0463, in which they stated that they were **not** hired by OPV to represent Mr. Cora, but were hired to represent the OPV.

48. On October 4, 2023, the OPV, through attorney Agustín Montañez Allman, the Veteran Procurator for the Puerto Rico Veterans' Procurement Office, filed a Motion in compliance of Order in which he argues that the OPV does not represent Captain Cora in the appellate proceeding and asking the court to notify Captain Cora directly.

49. On October 23, 2023, Puerto Rico's Appellate Court issued its judgment in case KLRA2023-0463 determining that the filing of the case was premature and that the OPV should notify its Resolution directly to Mr. Cora, so that the parties could then file any revision action in Puerto Rico's Appellate Court.

50. On November 8, 2023, AML filed a Reconsideration Motion on case KLRA2023-0463.

51. While AML Reconsideration Motion was pending, the OPV notified, on December 18, 2023, the Resolution issued on the 29th of June, 2023, but it added to paragraph 4, located on the second page of the Resolution, the following language "Para los únicos fines del trámite relacionado al proceso de la celebración de la vista adjudicativa en el caso, comparecieron a la misma en representación del QUERELLANTE, los licenciados Nelson H. Melendez López y Antonio Álvarez Torres." The Resolution was also altered to erase attorneys Nelson H. Melendez Lopez and Antonio Álvarez Torres names and information from the notification's list.

52. On January 16, 2024, Puerto Rico's Appellate Court denied AML reconsideration motion.

53. On February 14, 2024, AML filed, before the Puerto Rico's Appellate Court, a Judicial Revision Action that was assigned case number KLRA2024-00090.

54. On May 14, 2024, Puerto Rico's Appellate Court issued its judgment in case KLRA2024-00090 determining that the filing of the case was premature because it declared the OPV action of notifying its Resolution on the 18th of December, 2023 null and without effect because it was notified while AML reconsideration motion was still pending in case number KLRA2023-0463.

55. On August 16, 2024, the OPV notified again the Resolution issued on the 29th of June, 2023, but it added to paragraph 4, located on the second page of the Resolution, the following language "Para los únicos fines del trámite relacionado al proceso de la celebración de la vista adjudicativa en el caso, comparecieron a la misma en representación del QUERELLANTE, los licenciados Nelson H. Melendez López y Antonio Álvarez Torres." The Resolution was also altered to erase attorneys Nelson H. Melendez Lopez and Antonio Álvarez Torres names and information from the notification's list.

11

56. Both parties AML and Captain Richard Cora, pro se, filed reconsideration motions with the OPV which were denied on September 13, 2024.

57. On October 13, 2024, AML brought before Puerto Rico's Appellate Court a Judicial Revision Action that was assigned case number KLRA2024-00564; on October 15, 2024, Captain Richard Cora brought, pro se, before Puerto Rico's Appellate Court a Judicial Revision Action that was assigned case number KLRA2024-00585. Both cases were consolidated by Puerto Rico's Appellate Court.

58. On December 20, 2024, Puerto Rico's Appellate Court issued its Judgement on cases KLRA2024-00564 and KLRA2024-00585.

59. Mr. Cora, pro se, filed a reconsideration motion on the 9th of January, 2025. That motion was denied by Puerto Rico's Appellate Court through a Resolution issued on the 16th of January, 2025 and notified on January 21, 2025.

60. On February 18, 2025, Mr. Cora, pro se, filed, before Puerto Rico Supreme Court, a Certiorari Petition which was assigned case number CC-2025-0096, for the Supreme Court to review the Appellate's Court decision.

61. The Certiorari was denied by Puerto Rico's Supreme Court on the 14th of March, 2025.

62. Mr. Cora then presented his first reconsideration motion before Puerto Rico Supreme Court, on the 28th of March, 2025 and it was denied on April 25, 2025.

63. Mr. Cora then presented his second reconsideration motion before Puerto Rico Supreme Court, as permitted by Rule 45 (c) of the Rules of Puerto Rico's Supreme Court, on the 5th of May, 2025 and it was denied on May 23, 2025.

64. Although attorneys Nelson H. Melendez Lopez and Antonio Álvarez Torres never filed any resignation motion as Captain Cora's legal representatives in case number QI-7-19-12-12-784, they did not assist Captain Cora in any of the reconsiderations before the OPV

or the cases filed before Puerto Rico's Appellate Court or before Puerto Rico's Supreme Court.

65. The described actions and omissions by Codefendants caused plaintiff emotional and physical damages in the amount of no less than $75,000.00.

## V.  FIRST CAUSE OF ACTION
### Deprivation of Plaintiffs Constitutionally protected right to a Due Process

66. Plaintiff realleges all previous paragraphs as if fully alleged herein.

67. The actions described, committed by Defendants, constitute a deprivation of Plaintiff's right to a Due Process, a right protected by the Constitution of the United States under it's Fifth Amendment.

68. As such, under 42 U.S.C. § 1983, Plaintiff has a right to monetary compensation for the damages suffered in consequence of the actions committed by Defendants in an amount of no less that $75,000.00.

## VI.  SECOND CAUSES OF ACTION
### Injunctive Relief

69. Plaintiff realleges all previous paragraphs as if fully alleged herein.

70. The actions described, committed by Defendants, constitute a deprivation of Plaintiff's right to a Due Process, a right protected by the Constitution of the United States under it's Fifth Amendment.

71. As such, under 42 U.S.C. § 1983, Plaintiff has a right to Injunctive Relief in the form of an order, directed at the OPV, for them to schedule an administrative evidentiary hearing to hear the evidence about the damages suffered by Plaintiff in consequence of the discrimination against Plaintiff by Amgen Manufacturing Limited in violation of Puerto Rico's "New Bill of Rights of the Puerto Rican Veteran of the XXI Century", PR Law 203 of 2007, as amended.

## VII.  PRAYER FOR RELIEF

72. The described actions caused plaintiff emotional and physical damages in the amount of no less than $75,000.00.

73. Defendants are liable to plaintiff within the limits prescribed in Puerto Rico Law number 104 of June 29th, 1955, as amended.

74. Captain Cora is entitled to relief in the form of compensatory damages in the amount of $75,000.00.

75. Additionally, Captain Cora is entitled to injunctive relief in the form of an order, directed at the OPV, for them to schedule an administrative evidentiary hearing to hear the evidence about the damages suffered by Plaintiff in consequence of the discrimination against Plaintiff by Amgen Manufacturing Limited in violation of Puerto Rico's "New Bill of Rights of the Puerto Rican Veteran of the XXI Century", PR Law 203 of 2007, as amended equitable relief consisting in his appointment to the position in AML most suitable to his academic and work experience.

76. And the plaintiff is entitled to the payment of reasonable attorneys' fees, litigation costs and interest.

**WHEREFORE,** plaintiff, Captain Richard Cora, respectfully requests this court issue orders,

　　a. Determining that the actions of co defendants constitute a deprivation of Plaintiff's right to a Due Process, a right protected by the Constitution of the United States under it's Fifth Amendment;

　　b. Providing compensatory damages of no less than $75,000.00;

　　c. Ordering the OPV to schedule an administrative evidentiary hearing to hear the evidence about the damages suffered by Plaintiff in consequence of the

discrimination against Plaintiff by Amgen Manufacturing Limited in violation of Puerto Rico's "New Bill of Rights of the Puerto Rican Veteran of the XXI Century", PR Law 203 of 2007, as amended;

d. Ordering all other relief the court deems adequate and just.

**RESPECTFULLY SUBMITTED**

This the 21st of February, 2026.

**I HEREBY CERTIFY** that today I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and will notify any appearing party that is CM/ECF participants.

/s/ José J. García Díaz, Esq.
USDC No.: 229302
In representation of Plaintiff
Captain Richard Cora

Physical Address: San Patricio Ave. #782
Las Lomas, San Juan

Mailing Address: PMB 1127 Calle Paris 243
San Juan, P.R. 00917

E-mail: jose_garci14@hotmail.com
Telephone number: 787-368-2377
Fax number: 787-783-5585