IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CAPTAIN RICHARD CORA

Plaintiff,

v.

COMMONWEALTH OF PUERTO RICO et al.,

Defendants.

CIVIL NO. 26-1105 (CVR)

**OPINION AND ORDER**

**INTRODUCTION**

Captain Richard Cora ("Plaintiff" or "Captain Cora") filed the present suit against the Commonwealth of Puerto Rico ("Puerto Rico"), Puerto Rico's Veteran Procurement Office ("P.R. VPO"), Veteran's Solicitor Agustín Montañez-Allman ("Solicitor Montañez-Allman"), Attorney Nelson H. Meléndez-López ("Attorney Meléndez-López"), and Attorney Antonio Álvarez-Torres ("Attorney Álvarez-Torres") under 42 U.S.C. § 1983, alleging violations of Plaintiff's Fifth Amendment due process right. U.S. Const., amend. V. He requests compensatory damages in an amount no less than $75,000.00 and injunctive relief. Specifically, Plaintiff asks this Court to issue an order directed to the P.R. VPO to schedule an administrative evidentiary hearing to evaluate evidence pertaining to the damages Plaintiff suffered because of the discrimination he endured. In essence, Plaintiff argues he was not afforded adequate due process while the P.R. VPO resolved a complaint he filed before said agency which found that he had suffered discrimination due to his status as a combat veteran but did not award him any monetary compensation. (Docket No. 1).

Before the Court is Puerto Rico, P.R. VPO and Solicitor Montañez-Allman's "Motion to Dismiss for Failure to State a Claim" along with its corresponding Opposition and Reply. (Docket Nos. 21, 35 and 41). Also before the Court is Attorney Meléndez-López' "Motion for Joinder and Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(B)(6)" along with its Opposition. (Docket Nos. 24 and 36).

For the following reasons, Defendants' "Motion to Dismiss for Failure to State a Claim" is GRANTED (Docket No. 21) and Attorney Meléndez-López' "Motion for Joinder and Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(B)(6)" is GRANTED in part and DENIED in part as moot. (Docket No. 24).[1]

## LEGAL STANDARD

FED. R. CIV. P. 12(b)(6) allows defendants to request dismissal on the grounds that a plaintiff has failed to state a claim upon which relief may be granted. To rule on a 12(b)(6) motion, the Court must first "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." Schatz v. Republican Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012). Second, it should "take the complaint's well-pled (*i.e.*, non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief." Id.

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff must provide the grounds of his cause of action with more than just a formulaic recitation of the elements that give rise to a cause of

[1] Attorney Meléndez-López' Motion for Joinder is GRANTED. (Docket No. 24). Collectively, the Court will refer to Puerto Rico, P.R. VPO, Solicitor Montañez-Allman and Attorney Meléndez-López as "Defendants." Attorney Álvarez-Torres did not file a Motion to Dismiss, however, as the Court will discuss below, its ruling today applies to him as well.

action. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). "[T]he combined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief." Sepúlveda-Villarini v. Dep't of Educ. of P.R., 628 F.3d 25, 29 (1st Cir. 2010). Conclusory allegations are, thus, ignored. Santiago Ortiz v. Caparra Center Assoc., LLC, 261 F.Supp.3d 240, 243 (D.P.R. 2016). If the allegations are "enough to raise a right to relief above the speculative level," a Rule 12(b)(6) motion must be denied. Twombly, 550 U.S. at 555.

## STATEMENT OF FACTS

The Court accepts Plaintiff's allegations as true for purposes of the Motions to Dismiss. Rae v. Woburn Pub. Sch., 113 F.4th 86, 98 (1st Cir. 2024); Rivera-Rosario v. LSREF2 Island Holdings, Ltd. Inc., 79 F.4th 1, 4 (1st Cir. 2023). All facts are derived from the Complaint. (Docket No. 1).

On December 2, 2019, Captain Cora filed a formal complaint against Amgen Manufacturing Limited ("AML") in the P.R. VPO pursuant to the Bill of Rights of the Puerto Rican Veteran of the 21st Century, Act No. 203 of December 14, 2007, as amended ("Act No. 203"). He argued that, throughout various years, he had applied to hundreds of vacant positions at AML but was never considered and/or selected for any of them. He claimed these actions constituted discrimination against him due to his military status as a combat veteran. Plaintiff included in the complaint a request for damages for the discriminatory practices applied by AML against him in the recruitment process.

In accordance with several regulations, the P.R. VPO appointed Attorneys María M. Pérez-Hernández ("Attorney Pérez-Hernández") and María Teresa Quintana-Román ("Attorney Quintana-Román") to represent Captain Cora.

On January 10, 2021, Attorney Quintana-Román sent a letter to Captain Cora where she asked him to quantify the damages he and his immediate family suffered and to gather the corresponding evidence in preparation for the administrative hearing they were requesting. Captain Cora sent the required information and stated he could produce his medical expenses if requested by the administrative judge.

On February 1, 2021, Attorney Quintana-Román requested an administrative hearing arguing she understood AML's violations of Act No. 203 had caused Captain Cora serious emotional damages.

On February 3, 2021, Evelyn Herrero, Deputy Veteran's Solicitor, produced her own report to Solicitor Montañez-Allman, concluding that the findings from the investigation had established probable cause for AML's violations and recommending the P.R. VPO to hold a hearing. On February 10, 2021, the P.R. VPO notified AML that it would hold such a hearing.

During September of 2021, Attorneys Pérez-Hernández and Quintana-Román resigned as legal representatives of Captain Cora, stating health issues and incompatibility of criteria, respectively.

On September 21, 2021, Attorney Raúl E. Bandas was appointed by the P.R. VPO as the legal representative of Captain Cora and he remained as his legal representative until January 10, 2022. On this date, Attorney Joseph Deliz-Hernández was appointed by the P.R. VPO as Captain Cora's legal representation and he remained his Attorney until May 2, 2022, when he retired from the legal profession.

On June 13, 2022, Attorneys Meléndez-López and Álvarez-Torres were appointed by the P.R. VPO as Captain Cora's legal representation.

Attorneys Meléndez-López and Álvarez-Torres informed Captain Cora the administrative hearing was going to be held on September 1, 2022, but it was only to determine if AML had violated Act No. 203. They informed him there would be a second hearing later to present evidence about the alleged damages.

At the September 1, 2022 hearing, Attorneys Meléndez-López and Álvarez-Torres only presented evidence of AML's violations to Act No. 203. However, no evidence was presented regarding damages. Plaintiff did not think anything of it because he had been told there would be two separate hearings.

On June 29, 2023, the P.R. VPO notified its Resolution (the "Resolution") concluding that AML had violated Act No. 203. It issued various administrative fines totaling $34,500.00 to be paid directly by AML to the P.R. VPO. However, no monetary damages were awarded to Captain Cora. The Resolution was signed by Solicitor Montañez-Allman. This Resolution was notified to Attorneys Meléndez-López and Álvarez-Torres as Captain Cora's legal representatives.

On August 31, 2023, AML filed an appeal, case number KLRA 2023-0463. On September 18, 2023, Attorneys Meléndez-López and Álvarez-Torres filed a motion of special appearance in which they stated they were hired by the P.R. VPO not to represent Captain Cora, but rather to represent the P.R. VPO.

On October 4, 2023, the P.R. VPO, through Solicitor Montañez-Allman, filed a motion in compliance of order in which it informed the Court of Appeals the P.R. VPO did not represent Captain Cora in the appellate proceeding and asked the court to directly notify Captain Cora of any decisions it made.

On October 23, 2023, the Puerto Rico Court of Appeals issued a judgment in KLRA 2023-00463 in which it determined the filing of the case was premature for lack of proper notice of the Resolution. On November 8, 2023, AML filed a motion for reconsideration. While this reconsideration was pending, the P.R. VPO notified, on December 18, 2023, the Resolution issued on June 29, 2023, but it was allegedly altered to erase the names and information of Attorneys Meléndez-López and Álvarez-Torres from the notifications list.[2] On January 16, 2024, the Puerto Rico Court of Appeals denied AML's reconsideration.

On February 14, 2024, AML again filed an appeal before the Puerto Rico Court of Appeals, case number KLRA 2024-00090. On May 14, 2024, the Puerto Rico Court of Appeals determined the filing of the case was premature because the P.R. VPO's notification of the Resolution was deficient and was therefore null and without effect.

On August 16, 2024, the P.R. VPO again notified the Resolution and, once again, allegedly altered the names and information of Attorneys Meléndez-López and Álvarez-Torres.[3] Both AML and Captain Cora filed motions for reconsideration with the P.R. VPO, which were denied on September 13, 2024.

On October 13, 2024, AML filed another appeal before the Puerto Rico Court of Appeals, KLRA 2024-00564. On October 15, 2024, Captain Cora filed his own appeal before the Puerto Rico Court of Appeals, KLRA 2024-00585 on the issue of personal

[2] Plaintiff claims that a paragraph was added to the Resolution; however, he includes the phrasing in the Spanish language. Pursuant to 42 U.S.C. § 864, "[a]ll pleadings [ ] in the United States District Court for the District of Puerto Rico shall be conducted in the English language." Similarly, pursuant to Local Rule 5(c), "[a]ll documents not in the English language which are presented or filed, whether as evidence or otherwise, must be accompanied by a certified translation." Anything not submitted in the English language will not be considered. See Colón-Torres v. BBI Hosp. Inc., 552 F.Supp.3d 186, 197 n. 7 (D.P.R. 2021).

[3] Id.

damages. The Court of Appeals consolidated both cases. On December 20, 2024, the Puerto Rico Court of Appeals issued its judgment, affirming the P.R. VPO's finding of liability and modifying the amount of fines issued to AML. As to Captain Cora's damages, it concluded that such an award was at the agency's discretion. Captain Cora filed a motion for reconsideration on January 9, 2025 which was denied soon thereafter.

On February 18, 2025, Captain Cora filed a *certiorari* petition before the Supreme Court of Puerto Rico, which was denied on April 25, 2025. He filed motions for reconsideration twice, but both were denied on April 25, 2025 and on May 23, 2025.

## SUMMARY OF ARGUMENTS

### A. Defendants' Motion to Dismiss. (Docket No. 21).

Defendants request the Court to dismiss the Complaint for various reasons. As a threshold matter, they argue this Court lacks jurisdiction to entertain Plaintiff's § 1983 claim for two reasons. First, because it is barred by the Rooker-Feldman doctrine established in Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and expanded in District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). Second, because it is barred by the res judicata and collateral estoppel doctrines. See Apparel Art Int'l, Inc. v. Amertex Enter. Ltd., 48 F.3d 576, 583 (1st Cir. 1995) ("Under the federal law of res judicata, a final judgment on the merits of an action precludes the parties of their privies from relitigating claims that were raised or could have been raised in that action.") and González-Pina v. Rodríguez, 278 F.Supp.2d 195, 202 (D.P.R. 2003) (Collateral estoppel "refers to a party seeking to estop the litigation of an issue by reference to a previous adjudication between the parties."). They posit Puerto Rico state courts already ruled on the issues Plaintiff brings before the Court.

Defendants' second argument is that Plaintiff fails to state a civil rights action under 42 U.S.C. § 1983 or a due process violation under the Fifth Amendment of the United States Constitution, as he fails to establish the conduct complained of was committed by an employee of the federal government. Finally, Defendants aver Puerto Rico, the P.R. VPO and Solicitor Montañez-Allman are protected by sovereign immunity and Solicitor Montañez-Allman is protected by qualified immunity. For these reasons, Defendants understand there is no viable claim. (Docket No. 21).

In Opposition, Plaintiff argues his claims are not barred by the Rooker-Feldman, res judicata or collateral estoppel doctrines because he is now seeking injunctive relief, whereas he previously requested the state court to invalidate the P.R. VPO's ruling. As for Defendants' arguments for failure to state a claim, Plaintiff argues he set forth sufficient facts to meet the standard, at this juncture, to claim he was deprived of his constitutionally protected due process right under the Fifth and Fourteenth Amendments since he was denied a chance to present evidence of damages of the discrimination he suffered at the hands of AML, and that individual codefendants' actions constitute a conspiracy to use Captain Cora's case to benefit the P.R. VPO. Finally, as to the immunity argument, Plaintiff proffers the Law of Claims and Complaints Against the State, Act No. 104 of June 29, 1955, as amended ("Act No. 104") does not include any language stating that the authorization to be sued in civil actions is limited only to claims or complaints filed in state court, and that sovereign immunity does not protect Defendants against injunctive relief. For those reasons, Plaintiff moves the Court to deny the Motion to Dismiss. (Docket No. 35).

Defendants reiterate in their Reply that the Complaint should be dismissed with prejudice. First, they argue Plaintiff cannot amend his Complaint to add allegations of a conspiracy and violations of his due process right under the Fourteenth Amendment when he only pled Fifth Amendment violations in the Complaint. Second, they aver that, not only does Act No. 104 authorize suits against the Commonwealth of Puerto Rico before the Court of First Instance, but that it is also well settled law that Puerto Rico enjoys Eleventh Amendment immunity before the United States District Courts. See Miya Water Projects Netherlands B.V. v. Financial Oversight and Management Board, 138 F4th 49, 54 (1st Cir. 2025); Financial Oversight and Management Board for Puerto Rico v. Centro de Periodismo Investigativo, 598 U.S. 339, 351 (2023); Santiago-Rodríguez v. Puerto Rico, 546 F.Supp.3d 155, 159 (D.P.R. 2021). As for the relief Plaintiff requests, Defendants argue that, since Plaintiff is alleging a one-time violation on September 1, 2022, the injunctive relief requested is the retrospective reopening of an administrative case that has been adjudicated. Finally, Defendants reiterate that Plaintiff failed to state a constitutional violation since he alleges no constitutionally protected property right that would give rise to either a procedural or substantive due process violation. In fact, they highlight that the P.R. VPO held a hearing, issued a Resolution, Plaintiff requested Reconsideration thereof, filed an appeal and a reconsideration before the Puerto Rico Court of Appeals, and filed a petition for *certiorari* and two reconsiderations before the Puerto Rico Supreme Court, demonstrating he was afforded all the process that was due. (Docket No. 41).

**B. Attorney Meléndez-López' Motion to Dismiss. (Docket No. 24).**

Besides requesting to join Defendants' arguments, Attorney Meléndez-López also argues Plaintiff fails to state a claim under 42 U.S.C. § 1983 against him because he was an appointed Attorney and was not acting under color of state law. See Polk County v. Dodson, 454 U.S. 312, 324-325 (1981). Second, he contends the Complaint does not allege his personal involvement in a constitutional violation, rather it pleads he failed to present certain evidence, did not pursue damages, failed to request additional relief, and discontinued his representation, which concern litigation strategy and the scope of counsel's representation, not any constitutional right. Third, he posits the allegations in the Complaint demonstrate Plaintiff received all the due process required by the Constitution. Fourth, he avers Plaintiff cannot establish causation because the alleged injury was caused by independent decisions of the P.R. VPO and the Puerto Rico Court of Appeals, not Attorney Meléndez-López. Finally, as to Plaintiff's allegations regarding the abandonment of representation, Attorney Meléndez-López proffers his appointment was solely to represent Plaintiff during the administrative proceedings, not before the Puerto Rico Court of Appeals. For those reasons, Attorney Meléndez-López moves the Court to grant both Motions to Dismiss. (Docket No. 24).

Plaintiff responded essentially with the same arguments he raised in the Opposition to the other Motion to Dismiss and proffers he set out sufficient allegations to support his claims that Attorney Meléndez-López engaged in a conspiracy and agreement with the other individual defendants to use Captain Cora's case to benefit the P.R. VPO by fining AML and not allowing Captain Cora to receive damages from those violations. Plaintiff further explains he believed in his appointed counsels, but that it was due to them

that he did not have his day in court to present evidence to prove his damages claims. Finally, he proffers Attorney Meléndez-López filed a special appearance in which he stated that he was not hired by the P.R. VPO to represent Captain Cora, but that he was hired to represent the P.R. VPO and that, simultaneously, Solicitor Montañez-Allman informed the Puerto Rico Court of Appeals that he was in the process of finding Captain Cora legal representation for the judicial revision process. Plaintiff claims that not following through with either of these is enough to constitute abandonment of representation. Thus, Plaintiff moves the Court to deny the Motion to Dismiss. (Docket No. 36).

**LEGAL ANALYSIS**

Before delving into the analysis of Plaintiff's claims, the Court notes that in his Oppositions to the Motions to Dismiss he alleges for the first time a conspiracy between the individual Defendants and a violation of his Fourteenth Amendment due process right. As Defendants highlight, it is black letter law that a Plaintiff cannot amend his Complaint by adding allegations to his Opposition to a Motion to Dismiss. See Díaz-Zayas v. Mun. of Guaynabo, 600 F.Supp.3d 184, 195 (D.P.R. 2022); Ocasio v. Hogar Geobel Inc., 693 F.Supp.2d 167, 172 (D.P.R. 2008); Redondo-Borges v. U.S. Dept. of Housing and Urban Development, 421 F.3d 1, 7 (1st Cir. 2005). Thus, these new allegations will not be considered as part of Plaintiff's claims.

For the sake of clarity, Captain Cora's claim is that he was not allowed to present evidence of his damages in the hearing held before the P.R. VPO and that Attorneys Meléndez-López and Álvarez-Torres told him there would be a second hearing to submit evidence as to his damages claims, which never happened. Therefore, he requests this

Court to order the P.R. VPO to celebrate a damages hearing where Plaintiff can present evidence of the damages, he suffered due to AML's violations of Act No. 203. He phrases the request as injunctive relief because he understands granting this request would be possible without voiding the P.R. VPO's previous ruling. Thus, Plaintiff asserts he is not requesting from this Court to vacate the ruling in the state proceeding.

Defendants argue this Court cannot entertain Plaintiff's request for it lacks jurisdiction under the Rooker-Feldman, res judicata and collateral estoppel doctrines. The Court agrees.

"The Rooker-Feldman doctrine provides that the district courts lack jurisdiction over any action that is effectively or substantially an appeal from a state court's judgment." Badillo-Santiago v. Naveira-Merly, 378 F.3d 1, 6 (1st Cir. 2004). The use of this doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005). "Rooker-Feldman does not otherwise override or supplant [the] preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions." Id.

"Under the federal law of res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that were raised or could have been raised in that action." Apparel Art Intern., 48 F.3d at 583. "Res judicata, therefore, prevents plaintiffs from splitting their claims by providing a strong incentive for them to plead all factually related allegations and attendant legal theories for recovery

the first time they bring suit." Id. To trigger res judicata, a party must prove: "(1) a final judgment on the merits in an earlier suit, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two suits." González v. Banco Cent. Corp., 27 F.3d 751, 755 (1st Cir. 1994).

Finally, the doctrine of collateral estoppel means that "a right, question, or fact distinctly put in issue, and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies." S. Pac. R. R. Co. v. United States, 168 U.S. 1, 48 (1897). To trigger collateral estoppel, a party must establish: "(1) the issue sought to be precluded in the later action is the same as that involved in the earlier action; (2) the issue was actually litigated; (3) the issue was determined by a valid and binding judgment; and (4) the determination of the issue was essential to the judgment." Ramallo Bros. Printing, Inc. v. El Dia, Inc., 490 F.3d 86, 90 (1st Cir. 2007).

Although similar, res judicata (or claim preclusion), and collateral estoppel (or issue preclusion), are different. "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action, while under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." Mala v. Palmer, 755 F.Supp.2d 386, 390-391 (D.P.R. 2010).

After a careful evaluation of the doctrines raised by Defendants, the Court finds it is barred from resolving Plaintiff's claims because it lacks jurisdiction.

On December 2, 2019, Captain Cora filed a complaint against AML in the P.R. VPO in which he requested damages due to AML's discriminatory practices in its hiring process. [4] On September 1, 2022, the P.R. VPO held a hearing regarding Captain Cora's complaint and determined AML had violated Act No. 203.[5] On June 29, 2023, the P.R. VPO issued its Resolution and gave AML various fines totaling $34,500.00.[6] On August 16, 2024, the P.R. VPO notified the Resolution to Captain Cora.[7] Captain Cora sought reconsideration of the Resolution. After the P.R. VPO denied this relief, he filed a petition for judicial review before the Puerto Rico Court of Appeals arguing the P.R. VPO erred in failing to award him damages despite having found in his favor. He requested the case be remanded for adjudication of the damages claimed.[8]

On December 20, 2024, the Puerto Rico Court of Appeals issued its Judgment finding that although Section 10 of Act No. 79 authorized "the Veteran's Advocate to award compensation for damages caused, including emotional damages [...] the agency made no findings regarding the alleged damages or emotional distress claimed by [Captain] Cora and his family."[9] It also highlighted that "[a]lthough the statute authorizes the Advocate to [award damages], the decision ultimately remains a discretionary determination to be made at the time of the final adjudication."[10] Plaintiff requested two reconsiderations from the Puerto Rico Court of Appeals which were denied and subsequently filed a petition of *certiorari* before the Supreme Court of Puerto Rico to

[4] Docket No. 1, ¶ 30. The Complaint was numbered QI-7-19-12-12-784.
[5] Id., ¶ 42.
[6] Id., ¶ 44.
[7] Id., ¶ 55.
[8] Docket No. 27, Exhibit No. 1, p. 22.
[9] Id.
[10] Id., p. 23.

overturn this ruling.[11] This petition was finally denied on May 23, 2025 and is now final and unappealable.[12] As such, there is a final state court judgment on the issue of damages in which Captain Cora did not prevail.

Although Plaintiff tries to distinguish his request before this Court from the relief he sought before state courts, they are essentially the same. According to the Judgment of the Puerto Rico Court of Appeals, Plaintiff requested "the case be remanded for adjudication of the damages claimed in the Complaint."[13] Similarly, Plaintiff requests from this Court "an order, directed at the [P.R. VPO], for them to schedule an administrative evidentiary hearing to evaluate evidence about the damages suffered by Plaintiff."[14] Thus, even though Plaintiff claims the requests are different, the Court cannot agree. Since the state court has already found this argument insufficient to warrant a reversal of the P.R. VPO's Resolution, the fact that Plaintiff is bringing the same arguments to the federal court demonstrates he is effectively appealing a state court judgment in federal court. Reed v. Goertz, 598 U.S. 230, 235 (2023) ("Th[e] doctrine prohibits federal courts from adjudicating cases brought by state-court losing parties challenging state-court judgments.").

Because the Rooker-Feldman doctrine prevents this Court from entertaining Plaintiff's claims any further, his attempt to have this Court evaluate the already final and unappealable state court judgments on the grounds of an alleged constitutional violation, due process, is futile. Plaintiff could and should have raised this due process violation

[11] Docket No. 1, ¶ 60.
[12] Id., ¶ 63.
[13] Docket No. 27, Exhibit No. 1, p. 22.
[14] Docket No. 1, ¶ 75.

argument before the state forums and claiming it now does not open the door for him to obtain federal jurisdiction.

In sum, regardless of how Captain Cora phrases his request, the reality is that he is requesting this Court to go against a decision already taken by the P.R. VPO, the Puerto Rico Court of Appeals and the Supreme Court of Puerto Rico which has been final since June of 2025. Thus, Plaintiff's claims are barred by the Rooker-Feldman doctrine. Consequently, Defendants' Motion to Dismiss is GRANTED. (Docket No. 21).[15]

Since the above ruling disposes of this case, there is no need for the Court to address the other arguments raised by Defendants. A cardinal principle of judicial restraint is that "if it is not necessary to decide more, it is necessary not to decide more." Dobbs v. Jackson Women's Health Org., 597 U.S. 215, 348 (2022) (Roberts, C.J., concurring in the judgment); Rhode Island v. Shell Oil Prods. Co., 35 F.4th 44, 53 (1st Cir. 2022) (same); United States v. McGlashan, 78 F.4th 1, 6 (1st Cir. 2023) (same).

## CONCLUSION

For the foregoing reasons, Defendants' "Motion to Dismiss for Failure to State a Claim" is GRANTED (Docket No. 21).

In addition, Attorney Meléndez-López' "Motion for Joinder and Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(B)(6)" is GRANTED in part, as to the request for joinder, and DENIED in part as moot as to the additional arguments in support of dismissal. (Docket No. 24).

[15] Although Attorney Álvarez-Torres did not file a Motion to Dismiss, the allegations against him are the same as the ones against Attorney Meléndez-López. Thus, to the extent they fail against Attorney Meléndez-López, they also fail against Attorney Álvarez-Torres.

Consequently, all claims raised by Plaintiff against all Defendants are DISMISSED WITH PREJUDICE.

Judgment shall be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 16th day of September 2026.

S/CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ-RIVE
UNITED STATES DISTRICT JUDGE